1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT

9

FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   HEATHER G. ANDERSON,

Case No.   2:21-cv-00120-KJM-JDP (HC)

12          Petitioner,

ORDER FINDING THAT THE PETITION DOES NOT STATE A COGNIZABLE FEDERAL CLAIM AND GIVING LEAVE TO AMEND WITHIN SIXTY DAYS

13      v.

14   STEWARD SHERMAN,

GRANTING PETITIONER'S APPLICATION TO PROCEED *IN FORMA PAUPERIS*

15          Respondent.

16

ECF Nos. 1, 6

17

18          Petitioner Heather G. Anderson, a state prisoner proceeding without counsel, seeks a writ

19   of habeas corpus under 28 U.S.C. § 2254.  ECF No. 1.  The petition is before me for preliminary

20   review under Rule 4 of the Rules Governing Section 2254 Cases.  Under Rule 4, the judge

21   assigned to the habeas proceeding must examine the habeas petition and order a response to the

22   petition unless it "plainly appears" that the petitioner is not entitled to relief.  *See Valdez v.*

23   *Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019); *Boyd v. Thompson*, 147 F.3d 1124, 1127 (9th

24   Cir. 1998).  Here and for the reasons stated below, it plainly appears that petitioner is not entitled

25   to relief.  I will give petitioner an opportunity to amend before recommending that the petition be

26   dismissed.  I will also grant the application to proceed *in forma pauperis*, ECF No.6.

27

28

1

1   Petitioner alleges that she[1] is entitled to sentencing relief under Proposition 57, a

2   California measure enacted by voters in 2016.  ECF No. 1 at 4-5.  She alleges that, under this

3   proposition, her state convictions should be classified as "non-violent" and she should be eligible

4   for resentencing.  *Id*. at 5.  Petitioner states that she has filed two habeas petitions addressing

5   these claims in state court and both were denied.  *Id.* at 3-4.  The application of Proposition 57 to

6   petitioner's convictions is a matter of state law; it does not present a federal question.  Other

7   district courts in this circuit have found as much.  *See Moore v. Matteson*, No. CV 20-04516-JGB

8   (DFM), 2020 WL 6363953, at *2 (C.D. Cal. Oct. 28, 2020) (claims arising under Proposition 57

9   are issues of state law not cognizable in federal habeas corpus); *Sherman v. Dir. of Corr.*, No.

10   2:19-cv-10827-SVW-JC, 2020 WL 6083670, at *3 (C.D. Cal. Aug. 17, 2020) (same).  I cannot

11   recommend granting relief where no federal question is presented.  *See Estelle v. McGuire*, 502

12   U.S. 62, 68 (1991) ("In conducting habeas review, a federal court is limited to deciding whether a

13   conviction violated the Constitution, laws, or treaties of the United States.").  And a petitioner

14   cannot, as she attempts to do here, convert a state claim into a federal one by alleging a violation

15   of her federal due process rights.  *See Langford v. Day*, 110 F. 3d 1380, 1389 (9th Cir. 1997)

16   (petitioner may not "transform a state-law issue into a federal one merely by asserting a violation

17   of due process.").   As stated above, I will give petitioner a chance to amend and explain why her

18   claims present a federal question before I recommend dismissal.

19   It is ORDERED that:

20   1.   Petitioner's application to proceed in forma pauperis, ECF No. 6, is GRANTED.

21   2.   Petitioner may file an amended petition within sixty days of this order's entry.  If

22   she does not, I will recommend that the current petition be dismissed for the reasons stated in this

23   order.

24   3.   The Clerk of Court is directed to send petitioner a federal habeas form.

25

26

---

27   [1] The court is using female pronouns to refer to the petitioner.  In the petition, she states
     that she formerly went by "Matthew."  ECF No. 1 at 1.  If this is not petitioner's preference, she

28   should not hesitate to advise the court of the correct pronouns to use in future filings.

2

IT IS SO ORDERED.

Dated:  ___March 22, 2021___                    _____
                                               JEREMY D. PETERSON
                                               UNITED STATES MAGISTRATE JUDGE