| | |
|---|---|
| 1 | |
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | |
| 7 | |

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HEATHER G. ANDERSON,<br><br>          Petitioner,<br><br>v.<br><br>STEWARD SHERMAN,<br><br>          Respondent. | Case No. 2:21-cv-00120-KJM-JDP (HC)<br><br>FINDING THAT THE PETITION DOES NOT STATE A COGNIZABLE FEDERAL CLAIM AND RECOMMENDING THAT IT BE DISMISSED WITHOUT LEAVE TO AMEND<br><br>ECF No. 8 |

Heather G. Anderson, a state prisoner proceeding without counsel, seeks a writ of habeas corpus under 28 U.S.C. § 2254. Her initial petition argued only that under Proposition 57, a California measure enacted by voters in 2016, her state convictions should be reclassified as "non-violent" and she should be eligible for resentencing. ECF No. 1 at 4-5. I screened that petition and advised her that the claim was non-cognizable because it implicated only questions of state law. *See Estelle v. McGuire*, 502 U.S. 62, 68 (1991) ("In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States."). I did not recommend dismissal after the first screening order, however, and gave petitioner a chance to file an amended petition explaining why her claims invoked a federal question. She has filed an amended petition, ECF No. 8, but I find that it still raises only questions of state law and should be dismissed on that basis.

The amended petition is before me for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases. Under Rule 4, the judge assigned to the habeas proceeding must examine the habeas petition and order a response to the petition unless it "plainly appears" that the petitioner is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019); *Boyd v. Thompson*, 147 F.3d 1124, 1127 (9th Cir. 1998).

As before, petitioner argues only that she is entitled to sentencing relief under Proposition 57. ECF No. 8 at 4-5. She raises no new arguments in her amended petition and, as before, focuses on alleged errors of state law and procedure. *Id.* at 5. As I explained in my previous order, those errors do not amount to violations of federal law. *See Moore v. Matteson*, No. CV 20-04516-JGB (DFM), 2020 WL 6363953, at *2 (C.D. Cal. 2020) (claims arising under Proposition 57 are issues of state law not cognizable in federal habeas corpus); *Sherman v. Dir. of Corr.*, No. 2:19-cv-10827-SVW-JC, 2020 WL 6083670, at *3 (C.D. Cal. 2020) (same).

It is therefore RECOMMENDED that:

1. The amended petition, ECF No. 8, be dismissed without leave to amend.
2. The court declined to issue a certificate of appealability.

These findings and recommendations are submitted to the U.S. District Court Judge presiding over this case under 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within fourteen days of service of the findings and recommendations, petitioner may file written objections to the findings and recommendations with the court and serve a copy on all parties. That document must be captioned "Objections to Magistrate Judge's Findings and Recommendations." The District Judge will then review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C).

IT IS SO ORDERED.

Dated: May 14, 2021

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

2

3